My name is Rich McWilliams, I'm an Assistant Federal Public Defender, and I represent the appellate in this matter, Christina Richey. Christina Richey's due process rights and her rights under Federal Rule of Criminal Procedure 32.1 were violated when the district court unambiguously considered unproven and expressly denied conduct in arriving at its sentence on her supervised release violation. Well, how do you say it's unambiguous? I mean, the court clearly dismissed those other allegations- That's correct. In the motion to the government and said so. And then had sort of, as I read it, a vague reference to her history. So how can you say it's unambiguous? In the moments before she announced her sentence, the district court said, for all of the reasons contained in the adjustment report, I adopt the recommendation and impose a sentence of 24 months. The adjustment report is a written document. It spells out a number of alleged deficiencies and misconduct on the part of Ms. Richey. The district court did not say for some of the reasons or for part of the reasons that are outlined in the adjustment report. The district court says, for all of the reasons contained in the written adjustment report, I adopt the recommendation and impose a sentence of 24 months. And I don't think that there is ambiguity there. I think when the district court says, for all of the reasons, we have to assume that it is for not some of the reasons or one of the reasons, but for all of the reasons. And it makes sense that the adjustment report contains a number of allegations of misconduct and then arrives at its recommendation. Maybe it could have been more precise, but to say unambiguously, when she clearly dismissed the other claims, I'm not so sure it's unambiguous. I don't know of any other way to interpret the sentence for all of the reasons contained in the adjustment report. I think, I mean, we're lawyers, and what we do is we parse language. There's no other way to interpret that sentence. I'm sorry, you want to say something? Let me ask you, even if we agree that it's unambiguous, doesn't CAR require, United States versus CAR, require that the evidence relied upon be demonstrably false? That is the test in United States versus CAR. And how do we know here that the other allegations are demonstrably false? Well, and that is, my first point, of course, is the Wessels case, which seems to abandon the two-part CAR test. But even under the CAR test, I think that we win. The CAR test demands that we prove that it's materially false. And in this case, to the extent that any criminal defendant can prove material falsity in this case, I think Christina Ritchie does it. That some of the chief allegations that are made, the more serious allegations, pertain to the location of this gun in a car that she's riding in, and she says, I didn't know that there was a gun in the car. She says that at the hearing, under oath, during her allocution, we steadfastly denied the presence of the gun. We proffered the dismissal of the gun charge against her. To the extent that any human being- She certainly admits being there with her felon brother, right? That is- I don't think she denies that there was a gun there. She said, I didn't know that there was a gun there, which would be, that is a necessary fact to find a violation of the terms of her supervised release. I understand, but if you buy the CAR test, she has to show that it's materially false. The other allegations. That is correct. I mean, that is the CAR test. And as I said before, I think that the Wessels test moves away from that. And what happens between CAR and Wessels is Poor Bear and Moorhead. Which case came first, Wessels or CAR? Wessels is the 2008 case, it came last. CAR is the first test, that's from 1995. And under Mater, we'd have to go with the oldest case, right? That is true, but I would say that if you subject this case to the same analysis that Wessels and Malloy were subjected to, then Christina Wichy-Renz. Even if, though, you subject this case to the CAR analysis, I mean, I think we've come as close to proving it materially false as possible. The dismissal by an objective assistant city prosecutor, her steadfastly denying knowledge of the gun. I mean, if the- They may have dismissed it because the matter was going federal. I mean, there's a ton of reasons why cases get dismissed rather than innocence. And that's why I think maybe the Wessels court moves away from the CAR test. Because in situations like Ms. Richie's, I mean, we proved it as materially false as we could. There's no way to disprove a negative in that case. All we could say is that she didn't know that the gun was there. She wasn't criminally prosecuted for it. We denied it and put the government on notice that if they want to rely upon that, then they should prove that up, meaning that's as materially false as we could, I mean, that's the best we could prove. We can't disprove a negative, which is why I think that in the Wessels case, having seen the change and the shift in the jurisprudence to poor boy in Moorhead, moves away from that and simply says that a sentencing court cannot rely upon denied and unproven conduct, and if it does so, it must have a hearing. And that's what you have between CAR and Wessels, and that's the shift in the jurisprudence. And that's not just in Wessels, that's also in Malloy, which is indeed unpublished. Let me ask you this. The district court also said her history of adjustment on supervised release has been abysmal. She's had continued, repeated, consistent violations, constantly getting into trouble. Was there anything else other than the objected to dismiss counsel would have shown repeated and constant and continued violations? What she had up until the hearing that we objected to that, what she had was a failure to wear a seat belt ticket. She did not tell her probation officer about that ticket, and then there was, she failed to submit, I think, a monthly report. Those were the existing violations walking into the hearing before the district court. I thought she had a prior involving kicking in a neighbor's door or something. That was an allegation that was dismissed at the first hearing. But in terms of admitted to misconduct, we have the seat belt ticket, the failure to tell her probation officer about the seat belt ticket, and I believe there's a monthly report. It's in my brief. What I think is important, though, is not just that the district court, obviously, in the recitation, the explanation of its sentence, does provide some legitimate reasons for imposing a sentence. And we don't dispute that. What I want to make clear to the court is that this is not a substantive reasonableness case. This is not an inadequacy of explanation case. As I said, the district court does have some legitimate bases for imposing some sort of punishment. The question is, is how does the district court arrive at 24 months? And when the district court is prompted to explain a sentence of 24 months, the district court says, for these legitimate reasons and for all the reasons in the adjustment report, which are illegitimate, which are unproven, which are denied reasons, those contribute to the sentence. What she says is, I find that the recommendation is a reasonable one, and for all of the reasons set out in the adjustment report and recommendation, I accept that recommendation. So I guess I'm quarreling with you going broader than her comment about for all the reasons in the adjustment report. I don't think she says, she just says I'm adopting the recommendation as reasonable. Well, the recommendation in the adjustment report is for 24 months of imprisonment and no supervised release to follow. Immediately after she says that she's adopting the recommendation, she imposes the sentence of 24 months with no supervised release to follow. I think that that paragraph is clear that she is adopting the reasoning of, the rationale of, and the sentencing recommendation of, and then imposes the sentence for the reasons contained in that written report. I'm into my rebuttal time. Let me ask you, under rule 32.1B2B, it requires a revocation, an opportunity to question for your client, an opportunity to question any adverse witness unless the court determines that the interest of justice does not require the witness to appear. And here, I don't see in reading the record that the district court ever made a no interest or an interest of justice finding, and I don't see you arguing that particularly, but what's your position? The reason we don't raise that is because that rule pertains to the issue of whether to revoke or not to revoke, and not what sentence the district court ultimately provides upon. Since we admitted to one of the allegations and did not have a hearing on whether to revoke or not revoke, I don't allege a violation of that particular part of the rule or that the judge failed to make an interest of justice finding. Okay, one other thing, a due process argument under the old Morris, Morrissey versus Brewer based on parole. Are you arguing that? I do, Morrissey versus Brewer does establish a due process right at supervised release violations hearings. Again, I don't pretend that we are arguing that her due process rights were violated in the issue of revoke or not revoke. But simply that the sentence imposed did violate due process under that rule and under the Wessels and Carr cases. I see I'm out of time. Your argument, well I'll give you some time. So your argument is a procedural issue, a procedural sentencing issue that the district court didn't rely on the facts, whatever Gall calls clearly erroneous facts without record support. Exactly, yes sir. So that's the sole basis. It is a procedural error due process rights case, yes. Thank you. Thank you, sir. Good morning, Your Honor. Good morning. May it please the court, a sentence imposed by the district court in this case was a reasonable one. A district court obviously has to look at all the circumstances surrounding the violation. That kind of bothers me. Your brief I read is arguing subsidy of due process, or subsidy of reasonableness, I should say. And I don't think that's what they're arguing here. That the sentence was not substantive. They're saying the sentence wasn't supported by facts in the record. I think it clearly was. She admitted to four violations. That we're not, I don't think they're saying, well 24 months is too much. I don't hear them saying that. They're saying 24 months there wasn't record. It's clearly erroneous because there wasn't evidence in the record to support it.  So I'm just talking about whether the pigeon hole we put this in, is this a, you're arguing substantive reasonable sentence, and I think they're arguing it was a procedural failure here. Well, and I don't see the procedural failure. Counsel has argued that the court relied on undisputed, I'm sorry, disputed unproven facts. I don't see that in the record. The court referred to this adjusted report, and the adjusted report doesn't say anything about Ms. Ritchie knowingly possessing a firearm. It simply adds to the facts of the allegations, which counsel himself did not dispute. During his allocution at the sentencing, on page eight of the transcript, he describes what transpired on the day in question when Ms. Ritchie was driving around with her brother, who's a convicted felon. They're chasing after her boyfriend, also a convicted felon, and there's a gun in the back of the car. The adjusted report states the same thing, adds additional facts in there, that she was in fact charged with carrying a concealed weapon. That is all true. That wasn't disputed by defense counsel. The only thing he disputes is that she knew she possessed that firearm. The judge never concluded that she knew, or that she actually possessed this firearm. Well, wasn't one of the dismissed allegations that she had committed a crime by possessing a firearm? The allegation was that she was charged with the crime or possession of the firearm, correct. And she was charged. Is being charged enough? No, being with a convicted felon is, chasing after a convicted felon is. Okay, but to commit the crime, she would have to knowingly possess it, right? The firearm, that is correct. Okay, and that was dismissed. Within that allegation, there are other violations that's undisputed. The court can consider all that. The court can consider unproven conduct during a sentencing of a defendant. Again, the court never concluded that Ms. Ritchie actually possessed this firearm, or that she knew she possessed the firearm, or she was convicted of that offense. The court- Okay, let's go to what I'm interpreting counsel's argument on, which is there are insufficient facts to support the sentence. And the court relied on facts that weren't proven. What is your understanding the district court meant when she said her history of adjustment of supervised release has been abysmal. She has continued, repeated, consistent, she's had continued, repeated, consistent violations, constantly getting into trouble. Now what does record, putting aside the dismissal, dismiss charges, what's in the record that supports those statements? She had three previously admitted to violations. She was cited, she didn't tell her probation officer, she was fined. And there's three violations on the first petition. Admit it to three, or there's five, she admitted to three of them. The court gave her a second chance. There's other allegations in there she did not admit to. However, the court gave her a second chance, put her on CH for 120 days. She gets off of that, she gets a new petition against her, alleging four new allegations. The one that she did admit to is that she had a relationship with a convicted felon, which she was not supposed to do. And she never reported that to her probation officer. So you think that that statement by the district court goes back to the original charge as well? It certainly includes, yes. A replication charge. It shows a history of repeated violations. Again, she was given a second chance, and she got in more trouble. She got in trouble with a convicted felon, her brother. Those facts are not disputed. She was dating a convicted felon. She got arrested. There was a gun in the car. That's getting into trouble. That's putting herself in danger, hanging around with parties that possess firearms. If she's denying it, then it must have been her brother's. She got herself into further trouble. The judge wasn't going to give her another chance. The judge sentenced her within the statutory terms allowable, right in the middle. The judge could have gave her 36 months. The judge could have addressed other allegations or conduct that was not disputed. Arguably, there's two or three more violations in that one incident. Again, those facts were not disputed by defense counsel. He admitted that the defendant not only was with her brother, chasing after her boyfriend, both convicted felons, and she was not supposed to have contact with such parties. There's two violations right there. Those facts are not disputed. The judge can look at all that, look at the facts surrounding all circumstances, especially when those facts are not disputed, and can hold that against the defendant. She did expressly deny knowing about the gun. The defendant? Correct. And the judge never found that she was, in fact, in possession of this gun. Well, I think the argument is by saying everything that's in the report is part of the reasons why I'm giving the sentence, and the report includes committing a crime which requires knowing possession, that's the argument. Well, I guess I disagree with that argument because the adjusted report simply mentions the facts surrounding the defendant's arrest. It does not say she was convicted of possessing that gun, and it certainly doesn't say the defendant knowingly possessed that gun. It just outlines the facts of why she was arrested, which is true, she was arrested. She wasn't convicted, there was no finding that she ever knowingly possessed this firearm. That wasn't the judge's reasoning for putting this sentence, and the judge clearly defined the reasons for this sentence. And one of those reasons was not that the defendant knowingly possessed a firearm. Now, I asked Mr. McWilliams, and apparently he's not relying on it, but I'd like your view on the rule 32.1B2B, which says, he should have an opportunity to call adverse witnesses unless the court finds that doing so in the interest of justice, it would not require calling the witness. You say that does not apply here? Not to the facts that was admitted to at the hearing. Now, if he was disputing that Ms. Ritchie was ever arrested- Part of this goes to they were saying, well, we didn't know until the hearing. Nebraska's got a practice where they don't tell before a hearing, and that's not necessarily the practice in other districts. You come into these hearings, the defendant doesn't know who your witnesses and your charges may be, or the charges, but not the facts. So I don't, I'm just wondering whether you think that applies in this case. Not based on the facts that were undisputed. If she wanted to dispute the fact that she was arrested that day and the facts outline what transpired during the arrest, and certainly she would have been entitled to a hearing and she would have asked for one, but she never disputed that. The only thing she disputed was that she knowingly possessed that firearm. There was no finding that she did, in fact, knowingly possess that firearm. She got herself in trouble. She was doing things she wasn't supposed to be doing on that day. She was previously in trouble. She was given a second chance. The judge, quite frankly, found that she was not amenable to supervision, and that putting her on further terms would be a waste of time, and she sentenced her accordingly. Could have sentenced her much higher, could have gave her 36 months plus a term of supervised release. She gave her 24 based on her track record, track violations, given a second chance, and still violating the terms of her release. I see nothing unreasonable about the sentence imposed, and I'd ask this court to affirm the district court's sentence. Let me ask you a question that's probably not raised in this case. But does Nebraska, the district court here, do they interpret Rule 32E to disallow pre-hearing objections by the parties? These revocation hearings, you just don't have that practice? Well, the way it works, that I've experienced is that if someone raises objections, then the government has to prove it up. However, I submit that the rules only make the government prove that the undisputed facts or more. But there's a sufficient condition of reliability before a judge relies on the disputed facts. I don't think it rises to the level of proving it beyond a reasonable doubt, especially at a sentencing hearing. That's not what I'm asking, but I don't think that's the issue of the case. The time's expired. Thank you. Thank you.  I appreciate that, your honor. Clearly, to have committed a crime, to have violated the law, Ms. Ritchie would have had to know that there was a gun in the car. When Ms. Ritchie says, I didn't know that there was a gun in the car, the government has, at that point, two options. They can either accept that, or they can call witnesses and attempt to prove it up. That's what the 32.1B hearing is designed to do. It is, I would think, if the way that supervised release hearings are going to be conducted, is to charge the defendant with very serious allegations and then one nominal allegation. And then once they admit the nominal allegation, to open up like it's the wild west and impose whatever sentence the district court wants to, I think that runs afoul of due process. Particularly when the defendant is waving both arms, saying I did not do these very serious things that I'm accused to have done. And when the district court takes an adjustment report, adopts it in whole and imposes a lengthy sentence, based on that, I think there's a due process violation. Okay, thank you. Well, thank you both for your arguments, and we appreciate that, and we'll be back to you as soon as we can. Thank you.